FILED-CLERK
U.S. DISTRICT COURT
2009 MAY 24 PM 2:03
TEXAS-EASTERN
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| SAMUEL R. H. CONGDON | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 4:09cv289 |
| v. | § | Judge Schneider/Mazzant |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant | § | |

---

## COMPLAINT

---

### I. RELIEF SOUGHT

1.01 Plaintiff, Samuel R. H. Congdon, files this Petition to The United States District Court against the United States of America, pursuant to Internal Revenue Code Section 7422, and asks this court for a judgment against the Department of Treasury ("Defendant"), a department of the United States of America, for an amount in excess of $30,000 in penalties erroneously and/or illegally assessed and paid in, (plus related assessed interest and miscellaneous penalty, as well as court costs and attorney's fees), based upon a finding that Plaintiff: exercised reasonable cause in the preparation of three foreign tax returns.

### II. PARTIES

2.01. **Congdon.** Samuel R. H. Congdon ("Congdon" or "Plaintiff"), whose residence is 2905

Knollwood Drive, Plano, Collin County, Texas, 75075. Plaintiff's social security number is xxx-xx-1547. Plaintiff's social security number will be provided to the Court and Defendant pursuant to the Federal Rules of Civil Procedure and applicable local rules.

2.02. **United States of America or Government**. The Internal Revenue Service ("Service") is an agency of the United States of America. The United States of America may also be referred to as the "Government" or "Defendant". The Department of Justice is the agency responsible for handling all tax matters not filed in the United States Tax Court or the Court of Federal Appeals. Accordingly, process of service may by made by: (i) sending a copy of this Writ and summons by certified mail to the (i) Civil Process Clerk, U.S. Attorney's Office, 1100 Commerce, 3rd Floor, Dallas, Texas, 75242, (ii) U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W. Room B-324, Washington, D.C. 20530, and to (iii) Douglas Shulman, Internal Revenue Service Commissioner, 500 North Capitol Street NW, Washington, EC 20221.

### III. JURISDICTION & VENUE

3.01 **Jurisdiction**. 28 U.S.C. grants this Court jurisdiction over this civil action because the federal district courts are courts of general jurisdiction both at law and in equity. Therefore they may hear and decide any case involving the internal revenue laws and, except as expressly prohibited by law, may consider any and all suits, petitions and defenses pertaining to suits arising under the internal revenue laws and award any appropriate relief, regardless of amount or type of relief requested. This court has jurisdiction if the tax has been paid, a claim for refund has been timely filed by the taxpayer, and the Service either denies the claim or does not act on it in six months. These conditions precedent have been met.

3.02. **Venue**. Pursuant to *28 U.S.C. § 1391* venue is proper in this district and division

because Plaintiff and Defendant resides in this district and division as well as Defendant..

## IV. ISSUES PRESENTED

Was the Plaintiff required to prepare and file form 5471 for calendar years 2002, 2003, and 2004?

In the preparation of form 5471 for three calendar years, did Plaintiff exercise reasonable cause or in the absence of willful neglect so as to be excepted from the penalties assessed by the Defendant under Internal Revenue Code section 6038?

## IV. BACKGROUND & FACTS

4.01   Federal personal returns (form 1040) for calendar years 2002, 2003, and 2004, with an attached form 5471, were filed with the Service in Austin, Texas and a copy of form 5471, for each of the foregoing calendar years was also filed with the Office of Internal Revenue Service at Philadelphia, PA, 19255, all in compliance with 28 U.S.C.

4.02   In May 2005 the Internal Revenue Service ("IRS") commenced an examination of Plaintiff's personal income tax return for calendar year 2002, which it subsequently expanded to two of Plaintiff's related business entities, "Delmar" (a corporation), and Barringer (a limited partnership), as well as a "review" of subsequent tax years, all of which was conducted by field agent John Hoagland. The field examinations were concluded in January 2006 and "no change" letter were issued to Plaintiff, Delmar, and Barringer, which concluded that the correct amount taxable income had been reported and tax paid. Those "no change" letters were issued as follows: (i) Delmar - 1/30/06, Plaintiff - 3/22/06, and (iii) Barringer - 8/16/06. None of the "no change" letters make any reference to incomplete filing or penalties. In fact, the "no change" letters concluded all the taxpayers audited had properly reported its taxable income and paid any tax it owned.

4.03   Approximately eight months later, on or about September 18, 2006, the Memphis Service

**ORIGINAL PETITION**

Center notified the Plaintiff that a $10,000 penalty for calendar years 2002, 2003, & 2004 were being assessed. The Service indicated an incomplete return had been filed, but would not, and has not to this date, adequately explained what portions of any return were deemed to be incomplete.

4.04 Over the next three years, numerous meetings and hundreds of pages of correspondence were exchanged with the Service attempting to ascertain an explanation as to precisely what portion of the original filing the Service deemed incomplete, which was never forthcoming. Plaintiff subsequently exhausted all of his administrative appeal rights with the Service, paid the assessed tax with penalties and interest during the first quarter 2009.

4.05 On or about February 16, 2009 Plaintiff filed a *Claims for Refund and Request for Abatement*, for 843, for the assessed and paid in penalties and interest. [See Exhibit A for 843 for 2002; Exhibit B for 843 for 2003, and Exhibit C for 843 for 2004.] The claims for refund and the exhibits attached, are incorporated into this petition by reference thereto.

4.06 On or about June 3, 2009, the Austin Texas Service denied the claims for refund for calendar years 2002 and 2003 stating "Your request for abatement was received more than 3 years after the tax return due date." [See Exhibit D]

4.07 To the contrary, on or about June 22, 2009, the Philadelphia Service Center found reasonable cause existed for calendar year 2004 to wit it abated the penalty and all related interest [See Exhibit E].

4.08 The basis for disallowance of the claim is contrary to law in that a claim is timely filed if it is filed within the later of:

    \*    Three years from the return due date of a timely filed, unextended return;
    \*    Three years from the date the Service receives a late return or a timely filed, extended return; or

**ORIGINAL PETITION**

  *   Two years after the Plaintiff paid the tax. *IRC 6511(a)*.

4.09 The tax and interest on all three claims were paid in January 2009 and certainly within the prescribed two year period under *IRC 6511(a)*, and therefore the basis by the Austin Texas Service for disallowance of the claim is contrary to the 28 U.S.C.

4.10 Accordingly, basis for this lawsuit exists under the applicable federal statutes and regulations as provided by 28 U.S.C.

4.11 Pursuant to Federal Rules of Civil Procedure 5.2(a), all exhibits have been redacted to remove Plaintiff's social security number. Plaintiff's Exhibits A, B, C, & D are incorporated by reference herein.

## V. COUNT 1 - RETURN NOT REQUIRED - CALENDAR YEAR 2002

5.01 As Count I of its cause of action, Plaintiff restates and realleges each and every allegation contained in Sections I through IV as though the same were set forth herein in haec verba.

5.02 Any foreign corporation relevant to the subject matter of this litigation was owned by Barringer.

5.03 It is uncontested that all the income and expenses of any foreign corporation which was owned by Barringer was included into its partnership return for calendar year 2002. This was verified by the Services which resulted in the "no change" letter to Plaintiff his business entities. As to any 5471 which allegedly is required to be filed, the foreign corporation tax information was consolidated into the U.S. Partnership Return of Income of Barringer and falls under an exception.

5.04 The regulations state that Secretary shall prescribe the information and manner of any return of a foreign corporation. *Regs. 1.6038-2(f)*. The Service communicated these requirements through the instructions which accompany a particular Internal Revenue Service form. As to the form 5471s

**ORIGINAL PETITION**

in questions, the instructions provide the following exception to filing:

> "Exception. A U.S. person is **not** required to fie for a corporation defined in section 1504(d) that files a consolidated return for the tax year." [emphasis added].

5.05 In that the foreign corporation was a subsidiary of and consolidated its income into Barringer, no 5471 was required for calendar year 2002 and any penalty and interest assessed was improper and in violation of *26 U.S.C.*

## VI. COUNT 2 - RETURN NOT REQUIRED - CALENDAR YEAR 2003

6.01 As Count 2 of its cause of action, Plaintiff restates and realleges each and every allegation contained in Sections I through V as though the same were set forth herein in haec verba.

6.02 Any foreign corporation relevant to the subject matter of this litigation was owned by Barringer.

6.03 It is uncontested that all the income and expenses of any foreign corporation which was owned by Barringer was included into its partnership return for calendar year 2003. This was verified by the Services which resulted in the "no change" letter to Plaintiff his business entities. As to any 5471 which allegedly is required to be filed, the foreign corporation tax information was consolidated into the U.S. Partnership Return of Income of Barringer and falls under an exception.

6.04 The regulations state that Secretary shall prescribe the information and manner of any return of a foreign corporation. *Regs. 1.6038-2(f)*. The Service communicated these requirements through the instructions which accompany a particular Internal Revenue Service form. As to the form 5471s in questions, the instructions provide the following exception to filing:

"Exception. A U.S. person is **not** required to fie for a corporation defined in section 1504(d) that files a consolidated return for the tax year." [emphasis added].

6.05 In that the foreign corporation was a subsidiary of and consolidated its income into Barringer, no 5471 was required for calendar year 2003 and any penalty and interest assessed was improper and in violation of *26 U.S.C.*

## VII - COUNT 3 - REASONABLE CAUSE - CALENDAR YEAR 2002

7.01 As Count 3 of its cause of action, Plaintiff restates and realleges each and every allegation contained in Sections I through VII as though the same were set forth herein in haec verba.

7.02 In the event it is found that Defendant filed an incomplete return for calendar year 2002, Defendant alleges that reasonable cause exists which requires abatement of the penalty. See *IRC 6679(a); Regs. 301.3379-1(a)(2)*. See Exhibits A, B, & C, attached hereto, and incorporated by reference thereto.

## VIII - COUNT 4 - REASONABLE CAUSE - CALENDAR YEAR 2003

8.01 As Count 4 of its cause of action, Plaintiff restates and realleges each and every allegation contained in Sections I through VIII as though the same were set forth herein in haec verba.

8.02 In the event it is found that Defendant filed an incomplete return for calendar year 2003, Defendant alleges that reasonable cause exists which requires abatement of the penalty. See *IRC 6679(a); Regs. 301.3379-1(a)(2)*. See Exhibits A, B, & C, attached hereto, and incorporated by reference thereto.

## IX. DAMAGES

9.01 As a direct and proximate result of Defendant's breach of the applicable statutes, regulations, and related court decisions, Plaintiff has suffered damages to the extent of the improperly assessed

**ORIGINAL PETITION**

Page 7 of 8

penalties and interest, in excess of thirty-three thousand dollars ($33,000).

10.01                               **X - JURY DEMAND**

Plaintiff, Samuel R. Congdon, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### XI - PRAYER

WHEREFORE, Plaintiff prays that:

*    The court find that Plaintiff was not required to file the returns in question, which are the subject matter of the above referenced claims for refund;

*    In the alternative, the court find that Plaintiff filed the returns, which are the subject matter of this lawsuit, as "complete" returns;

*    In the alternative, should the court find Plaintiff filed "incomplete" returns, that Plaintiff exercised "reasonable cause" in the preparation of the returns and that Defendant abate and refund the penalties and interest assessed.

*    In the alternative, reasonable cause exists for the abatement of the assessed penalty and said assessed penalty must be abated;

*    That Plaintiff's attorney fees and other court cost are taxed against Defendant pursuant to *26 U.S.C 7430*, which presently exceed $10,000, and

*    Grant all other relief the Court deems appropriate.

                         A. James Lynn
                         6820 Walling Lane
                         Dallas, Texas, 75231
                         214-341-0000 (v); 214-341-4907 (f)
                         TBN - 24011429
                         ATTORNEY FOR PLAINTIFF

SRC001.lit

**ORIGINAL PETITION**