# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL R.H. CONGDON | § | |
| | § | |
| v. | § | Case No. 4:09-CV-289 |
| | § | Judge Schneider/Judge Mazzant |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant United States of America's Motion for Summary Judgment (Dkt. #28). Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## I. BACKGROUND[1]

Plaintiff Samuel Congdon owned and operated a limited partnership, Barringer Financial, L.P. ("Barringer"), which is an offshore entity formation business. Delmar Consulting, Inc. ("Delmar") was the General Partner and Tax Matters Partner of Barringer. Delmar was wholly owned by Plaintiff. Barringer owned 100% of a foreign corporation entitled Equity Development Group, Inc. ("EDG"). EDG is a company that assists clients in setting up offshore trusts, companies, and bank accounts. Plaintiff, the sole employee of EDG, acted as an intermediary between the clients and the foreign institutions in setting up their offshore interests.

In 2002 and 2003, Plaintiff filed his personal income tax return (Form 1040). On or about August 19, 2005, the IRS audited Plaintiff's tax returns, and those of his related companies.

---

[1] The following facts are taken from Defendant's Motion for Summary Judgment (Dkt. #28), and Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. #29).

Plaintiff, Barringer, and Delmar were all found to have correctly reported taxable income. In addition, Plaintiff was required to file a Form 5471 for both years.[2] Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, is an information return used by the Internal Revenue Service ("IRS") to collect information about foreign corporations with substantial U.S. ownership. The original Form 5471s filed by Plaintiff in 2002 and 2003 were substantially incomplete when filed.[3] The IRS assessed a $10,000 penalty per year for the filing of a substantially incomplete Form 5471. Plaintiff later amended Form 5471 to accurately report the information requested.

On June 24, 2009, Plaintiff filed his Complaint requesting the Court to award damages to Plaintiff for the penalties assessed by the IRS in the tax years of 2002, 2003, and 2004[4] (Dkt. #1). On June 20, 2011, Defendant United States of America filed its Motion for Summary Judgment (Dkt. #28). Plaintiff filed his Response to Defendant's Motion for Summary Judgment on July 1, 2011 (Dkt. #29). On July 7, 2011, Defendant filed its Reply to Plaintiff's Response to Motion for Summary Judgment (Dkt. #31).

## II. STANDARD

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] For purposes of the Motion for Summary Judgment, Plaintiff conceded that he was required to file Form 5471, and that the forms were substantially incomplete when originally filed.

[3] There is a dispute among the parties as to whether the Form 5471 was actually filed in 2003; however, for the purposes of the Motion for Summary Judgment only, the United States conceded that the Form 5471 was filed, but was substantially incomplete.

[4] On or about June 22, 2009, the IRS determined that "reasonable cause" existed for Plaintiff's failure to file a substantially complete Form 5471 in 2004. The $10,000 penalty was refunded to Plaintiff with a late payment penalty and interest.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is placed upon the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). The movant's burden is only to point out the absence of evidence supporting the non-movant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of presenting "specific facts showing there is a genuine issue for trial." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the non-movant may not rest on mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardio-thoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The Court must consider all of the evidence, but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

### III. ANALYSIS

Defendant moves for summary judgment on the following issues: (1) whether Plaintiff was required to prepare and file Form 5471 for tax years 2002 and 2003, and (2) whether Plaintiff had reasonable cause for failing to file a substantially complete Form 5471 for tax years 2002 and 2003. For the purpose of this motion only, Plaintiff conceded that he was required to file Form 5471 in 2002 and 2003, and that the forms filed were substantially incomplete. Therefore, the Court will

3

determine if summary judgment is appropriate based on Defendant's second issue.

In any court proceeding with respect to the liability of any individual for any penalty, in addition to tax, the Government has the burden of production. I.R.C. § 7491(c). To support the assessment of the penalties against Plaintiff, the Government must prove Plaintiff was required to file Form 5471, and Plaintiff did not file a substantially complete Form 5471. Treas. Reg. § 1.6038-2(k). For the purposes of this motion only, the Plaintiff conceded that he was required to file Form 5471; however, Plaintiff alleges that the Government cannot support its burden of production because it cannot produce the original Form 5471 allegedly filed in 2003. The Government contends that "if [Plaintiff] does not have a copy of the Form 5471 allegedly filed for 2003 or he does not have proof of filing, then the only assumption must be that one was not filed at all." DEF.'S REPLY, at 7. However, this is incorrect. The burden of production rests with the Government to prove Plaintiff filed a substantially incomplete form, or did not file one at all.[5] The Court finds there is a genuine issue of dispute regarding whether the Plaintiff filed a Form 5471 or filed a substantially incomplete Form 5471. Plaintiff's evidence includes two letters sent from the IRS indicating that the required returns were filed, but were incomplete. However, because Plaintiff conceded that Form 5471 was substantially incomplete when filed, the Court must consider whether reasonable cause existed for Plaintiff's failure to file completed Forms 5471. PL.'S RESPONSE ¶ 1.01.

To avoid the imposition of the monetary penalty under I.R.C. § 6038(b), a taxpayer must

---

[5] Plaintiff objects to the admissibility of Government's Exhibit #4, because it is a "pencil copy" of Form 5471 transcribed by Plaintiff. Plaintiff objects to the copy on the basis of the best evidence rule, hearsay, lack of foundation, and authenticity of the document. At this time, the Court sustains the objection on the basis of the best evidence rule. "In order to prove the content of a writing... the original writing... is required, except as otherwise provided by these rules." Fed. R. Evid. 1002. Defendant provides no reason why the pencil copy should be admitted as proof Plaintiff did not file or filed a substantially incomplete Form 5471, and does not argue that the evidence should be admitted for any other reason.

make an affirmative showing that the failure to file the appropriate information returns was due to reasonable cause. I.R.C. § 6038(c)(4). In addition, the taxpayer must establish that he substantially complied with section 6038. Treas. Reg § 1.6038-2(k)(3)(ii). Although the statutes and regulations are silent on the definition of "reasonable cause" under section 6038, the Internal Revenue Manual provides that "reasonable cause will be considered by the examiner per I.R.M. 20.1.1." I.R.M. 20.1.9.1.1(4). Reasonable cause is also addressed by other sections of the Internal Revenue Code.

> Reasonable cause is based on all the facts and circumstances in each situation and allows the IRS to provide relief from a penalty that would otherwise be assessed. Reasonable cause relief is generally granted when the taxpayer exercises ordinary business care and prudence in determining their tax obligations but nevertheless is unable to comply with those obligations.

I.R.M. 20.1.1.3.1(1). The elements that must be present to constitute reasonable cause are a question of law, but whether those elements are present in a given situation is a question of fact. *New York Guangdong Finance, Inc., v. Commissioner*, 588 F.3d 889, 896 (5th Cir. 2009) (regarding a similar penalty assessment provision). The parties agree that to demonstrate reasonable cause, the Plaintiff must show that he exercised ordinary business care and prudence. *Id.*; *United States v. Boyle*, 469 U.S. 241, 249 n.8 (1985).

Plaintiff argues that he complied in good faith with the requirements of Form 5471. Plaintiff alleges that he spent a reasonable time and effort preparing Form 5471, he included all income and expenses of the foreign corporation on his tax return (Form 1040), he paid the correct and appropriate tax, and he spent over 200 hours each year collecting information. Plaintiff asserts that he misunderstood his filing status as described in the instructions to the Form 5471, and that he also believed it was sufficient to include the information on his tax return (Form 1040), while merely disclosing on the Form 5471 that he owned a foreign entity. Finally, Plaintiff argues that he is not

5

an expert in tax law, and he has a long history of compliance with filing tax returns and paying taxes.

Defendant argues that neither ignorance of the law nor complexity of the tax laws constitutes reasonable cause for failure to file a substantially complete Form 5471. Defendant asserts that the instructions for Form 5471 are clear, and the forms as submitted do not indicate Plaintiff spent a substantial amount of time attempting to comply. Defendant alleges that Plaintiff is a sophisticated businessman with extensive experience in offshore financial investments.

The IRS gives some examples of what might be considered reasonable cause, such as reliance on erroneous advice by the IRS, the taxpayer is unable to obtain records, or death, serious illness, or unavoidable absence. I.R.M. 20.1.1.3.1.2.4; I.R.M. 20.1.1.3.1.2.5; I.R.M. 20.1.1.3.2.4. Ignorance of the law, in and of itself, does not constitute reasonable cause. I.R.M. 20.1.1.3.1.2.1. However, reasonable cause may be established if the taxpayer shows ignorance of the law in conjunction with other facts and circumstances. I.R.M. 20.1.1.3.1.2.1. Some factors to be considered include the following: the taxpayer's education, if the taxpayer has been previously subject to the tax, if the taxpayer has been penalized before, if there were recent changes in the tax forms or law which a taxpayer could not reasonably be expected to know, and the level of complexity of a tax or compliance issue. *Id*. Generally, the most important factor in determining whether the taxpayer has reasonable cause and acted in good faith is the extent of the taxpayer's effort to report the proper tax liability. Treas. Reg. § 1.6664-4(b)(1); I.R.M. 20.1.5.6.2. Failure to file because of an erroneous belief that no return is required to be filed is not reasonable cause. *Southeastern Finance Co. v. Commissioner*, 4 T.C. 1069 (1945), *aff'd*. 5th Cir. (1946). However, a taxpayer's sophistication with respect to tax laws, at the time the return was filed, is relevant in determining whether the taxpayer acted with reasonable cause. *Kees v. Commissioner*, T.C.M., 1999-41, at *5.

The Court finds that there is a genuine dispute regarding whether Plaintiff acted with ordinary business care and prudence. Although ignorance of the law alone is not sufficient to constitute reasonable cause, Plaintiff also alleges other factors such as his inexperience in tax matters, and the complexity of the area of law. Combined, those factors could be found by the finder of fact to constitute reasonable cause. Although Plaintiff has obtained his Master's in Business Administration, he had little to no instruction in the area of accounting, tax law, or finances. Further, it does not appear that Plaintiff was subject to this tax prior to 2002, since the foreign entity was incorporated in 2002. Although Plaintiff was penalized for 2002, 2003, and 2004, the penalties were assessed at the same time during the 2005 audit, and Plaintiff had never been penalized for a violation of section 6038 prior to this occasion. Finally, Plaintiff paid the correct amount of tax and disclosed all the information, albeit on the wrong form. When Plaintiff was alerted to the error, he filed an amended Form 5471. These facts illustrate that a genuine issue of fact exists regarding whether Plaintiff acted with ordinary business care and prudence, and therefore, whether Plaintiff had reasonable cause for his failure to file a substantially complete Form 5471.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant United States of America's Motion for Summary Judgment (Dkt. #28) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of August, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE